JAMES HAWKINS APLC
JAMES R. HAWKINS SBN 192925
GREGORY MAURO, SBN 222239
9880 Research Drive, Suite 200
Irvine, California 92618
Telephone: (949) 387-7200
Facsimile:  (949) 387-6676
James@jameshawkinsaplc.com
Greg@jameshawkinsaplc.com

Attorneys for GREGORY A. BRADFORD, individually and on behalf of all others similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY A. BRADFORD, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FLAGSHIP FACILITY SERVICES, INC., a California Corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.<br>Assigned for all Purposes to:<br>Hon.<br>Dept.<br><br>**CLASS ACTION COMPLAINT:**<br><br>**(1) FAILURE TO PAY WAGES INCLUDING OVERTIME;**<br><br>**(2) FAILURE TO PROVIDE MEAL PERIODS;**<br><br>**(3) FAILURE TO PROVIDE REST PERIODS;**<br><br>**(4) FAILURE TO TIMELY PAY WAGES; AND**<br><br>**(5) UNFAIR COMPETITION; AND**<br><br>**(6) VIOLATION OF THE FAIR LABOR STANDARDS ACT ("F.L.S.A.")**<br><br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT**

COMES NOW Plaintiff GREGORY A. BRADFORD ("Plaintiff"), individually and on behalf of others similarly situated, asserts claims against defendants FLAGSHIP FACILITY SERVICES, INC., a California Corporation, and Does 1-10, inclusive (collectively "Defendants") as follows:

## JURISDICTION AND VENUE

1. The United States District Court for the Northern District of California has jurisdiction over this case by virtue of original jurisdiction pursuant to 29 U.S.C. §§ 206 and 216(b) and 28 U.S.C. § 1331. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the claims alleged herein arising under the California Labor Code.

2. This Court has personal jurisdiction over the Defendant because it has sufficient minimum contacts in the State to render the exercise of jurisdiction by this Court proper and necessary. Defendants intentionally avail itself of the markets within this State through the promotion, sale, marketing, and distribution of its services.

3. Venue is proper in the Northern District of California under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim(s) occurred in this judicial district. Defendants conduct business in the city of San Jose, California and each Defendant is within the jurisdiction of this Court for service of process purposes. The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the State of California and within the city of San Jose and elsewhere in California.  Defendants employ numerous Class Members in the city of San Jose and throughout California.

4. Defendants are corporations engaged in dedicated facility maintenance services that include but are not limited to, janitorial services, facility maintenance, and food services and are doing business in San Jose, California, and operating at various offices and locations throughout the state of California.  On information and belief, Defendants have conducted business within the State of California

during the purported liability period and continue to conduct business throughout the State of California.  The unlawful acts alleged herein have had a direct effect on Plaintiff, and the similarly situated non-exempt employees within San Jose and throughout the State of California, and Defendants employ or have employed sufficiently numerous Class Members as non-exempt employees.

5. On information and belief, during the statutory liability period and continuing to the present ("liability period"), Defendants consistently maintained and enforced against Defendants' Non-Exempt Employees, among others, the following unlawful practices and policies, in violation of California state wage and hour laws:  a) failing to pay for wages including overtime; b) failing to provide meal and rest periods; c) failing to pay all wages earned upon separation from Defendants; d) failing to pay minimum wage for each hour worked; e) violations of the California Unfair Competition laws; (f) failure to pay overtime wages ("FLSA").

6. On information and belief, during the statutory liability period and continuing to the present, Defendants have had a consistent policy of failing to pay overtime for hours worked in excess of forty hours in a workweek or more than 8 hours in a workday.

7. On information and belief, during the statutory liability period and continuing to the present, Defendants have had a consistent policy of failing to provide its Non-Exempt Employees within the State of California, including Plaintiff, rest periods of at least (10) minutes per four (4) hours worked or major fraction thereof and failing to pay such employees one (1) hour of pay at the employees regular rate of compensation for each workday that the rest period is not provided, as required by California state wage and hour laws.

8. On information and belief, during the statutory liability period and continuing to the present (rest and meal period liability period), Defendants have had a consistent policy of requiring its Non-Exempt Employees within the State of

California, including Plaintiff, to work at least five (5) and or ten (10) hours without a meal period and failing to pay such employees one (1) hour of pay at the employees regular rate of compensation for each workday that the meal period is not provided, as required by California state wage and hour laws.

9. Plaintiff on behalf of himself and all Class Members bring this action pursuant to Labor Code sections 201, 202, 203, 226.7, 510, 512, 558, 1194, and California Code of Regulations, Title 8, section 11016 et. seq., applicable IWC Wage Orders, seeking unpaid overtime wages, seeking rest and meal period compensation, minimum wages, penalties, and other equitable relief, and reasonable attorneys' fees and costs.

10. Plaintiff, on behalf of himself and all Class Members, pursuant to Business and Professions Code sections 17200-17208, also seek injunctive relief and restitution of all benefits Defendants enjoyed from their failure to pay minimum wage, overtime wages, rest and meal period compensation, and failure to pay all wages earned upon separation from Defendants.

11. Plaintiff, on behalf of himself and all Class Members, also seek recovery based upon the alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*("FLSA").

**PARTIES**

12. Plaintiff, GREGORY A. BRADFORD is, and at all times relevant to this action, a resident of Palo Alto, California. Plaintiff was employed by Defendants approximately in 2008 as a Non-Exempt Cook through his separation in approximately July 2014, performing duties relating to food handling, preparation, and cooking to serve businesses that request said services.

13. Defendants, FLAGSHIP FACILITY SERVICES, INC., are a dedicated facility maintenance company that provides services that include but are not limited to, janitorial services, facility maintenance, and food services to various

companies across California.

14.  Plaintiff is informed and believes, and thereon alleges, that at all relevant times mentioned herein, Defendants are organized and existing under the laws of California, and were at all times mentioned herein licensed and qualified to do business in California. On information and belief, Plaintiff alleges that at all relevant times referenced herein Defendants did and continue to transact business throughout California.

15.  Whenever in this complaint reference is made to any act, deed, or conduct of Defendants', the allegation means that Defendants engaged in the act, deed, or conduct by or through one or more of its officers, directors, agents, employees, or representatives, who was actively engaged in the management, direction, control, or transaction of the ordinary business and affairs of Defendants.

16.  Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein as Does 1 through 10, inclusive and therefore sues said Defendants (the "Doe Defendants") by such fictitious names. Plaintiff will amend this complaint to insert the true names and capacities of the Doe Defendants at such time as the identities of the Doe Defendants have been ascertained.

17.  Plaintiff is informed and believes, and thereon alleges, that the Doe Defendants are the partners, agents, or principals and co-conspirators of Defendants, and of each other; that Defendants and the Doe Defendants performed the acts and conduct herein alleged directly, aided and abetted the performance thereof, or knowingly acquiesced in, ratified, and accepted the benefits of such acts and conduct, and therefore each of the Doe Defendants is liable to the extent of the liability of the Defendants as alleged herein.

18.  Plaintiff is further informed and believes, and thereon alleges, that at all times herein material, each Defendant was completely dominated and controlled by its co-Defendants and each was the alter ego of the other. Whenever and

wherever reference is made in this complaint to any conduct by Defendant or Defendants, such allegations and references shall also be deemed to mean the conduct of each of the Defendants, acting individually, jointly, and severally. Whenever and wherever reference is made to individuals who are not named as Defendants in this complaint, but were employees and/or agents of Defendants, such individuals, at all relevant times acted on behalf of Defendants named in this complaint within the scope of their respective employments.

## CLASS ACTION ALLEGATIONS

19. Pursuant to Fed.R.Civ.P. Rule 23(a) (1)-(4) and 23(b) (3), this action is brought and may be properly maintained as a class action. This action satisfies the ascertainability, numerosity, typicality, commonality, adequacy, predominance, and superiority requirements of those provisions.

20. Plaintiff brings this action on his own behalf, as well as on behalf of each and all other persons similarly situated, and thus, seeks class certification under Federal Rules of Civil Procedure 23.

21. All claims alleged herein arise under California law for which Plaintiff seeks relief as authorized by California law

22. The proposed class is comprised of and defined as:

**California Class:** Any and all persons who are or were employed in non-exempt positions, however titled, by Defendants in the state of California within four (4) years prior to the filing of the complaint in this action until resolution of this lawsuit (hereinafter collectively referred to as the "Class" or "Class Members").

23. Plaintiff also seeks to represent the subclass(es) composed of and defined as follows:

**Sub-Class 1:** All Class Members who have been employed by Defendants in non-exempt positions within the State of California at any time between September 2013 and the present and have separated their employment.

24. The term "Class" includes Plaintiff and all members of the Class and each of the Sub-Class(es).  Plaintiff seeks class-wide recovery based on the allegations set forth in this complaint.

25. The term "Class" includes Plaintiff and all members of the Class and each of the subclasses, if applicable. Plaintiff seeks class-wide recovery based on the allegations set forth in this complaint.

26. There is a well-defined community of interest in this litigation and the members of the Class are easily ascertainable as set forth below:

    a. <u>Numerosity</u>: The members of the Class and/or Subclass are so numerous that joinder of all members of the Class and/or Subclass would be unfeasible and impractical.  The membership of the entire Class and/or Subclass is unknown to Plaintiff at this time, however, the Class is estimated to be greater than one hundred (100) individuals, and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

    b. <u>Typicality</u>:  Plaintiff is qualified to, and will fairly and adequately protect the interests of each member of the Class and/or subclass with whom he has a well-defined community of interest.  Plaintiff's claims herein alleged are typical of those claims which could be alleged by any member of the Class and/or Subclass, and the relief sought is typical of the relief which would be sought by each member of the Class and/or Subclass in separate actions.  All members of the Class and/or Subclass have been similarly harmed by not being provided meal periods, authorized and permitted rest periods or paid premium wages in lieu thereof, and not paid all wages due and owing all due to Defendants' own policies and practices that affected each member of the Class and/or Subclass similarly.  Further, Defendants benefited from the same type of unfair and/or wrongful acts as to each member of the Class and/or Subclass.

    c. <u>Adequacy</u>:  Plaintiff is qualified to, and will fairly and adequately protect the interests of each member of the Class and/or Subclass with

whom he has a well defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff acknowledges an obligation to make known to the Court any relationships, conflicts, or differences with any member of the Class and/or Subclass.  Plaintiff's attorneys and the proposed Counsel for the Class and Subclass are versed in the rules governing class action discovery, certification, litigation, and settlement and experienced in handling such matters.  Other former and current employees of Defendants may also serve as representatives of the Class and Subclass if needed.

      d.    <u>Superiority</u>:  The nature of this action makes the use of class action adjudication superior to other methods.  A class action will achieve economies of time, effort, judicial resources, and expense compared to separate lawsuits.  The prosecution of separate actions by individual members of the Class and/or Subclass would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class and/or Subclass, establishing incompatible standards of conduct for the Defendants, and resulting in the impairment of the rights of the members of the Class and/or Subclass and the disposition of their interests through actions to which they were not parties.

      e.    <u>Public Policy Considerations</u>:  Employers in the state of California violate employment and labor laws everyday.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions because they believe their former employers may damage their future endeavors through negative references and/or other means.  The nature of this action allows for the protection of current and former employees' rights without fear or retaliation or damage.

      f.    <u>Commonality:</u>  There are common questions of law and fact as to the Class that predominate over questions affecting only individual members including, but not limited to:

      1.    Whether Defendants failed to pay Plaintiff and the Class for

time spent working yet were automatically deducted 30 minutes of time as if a meal period was taken and not paid for this time, including regular hours and for hours Plaintiff and Class Members worked in excess of eight (8) hours per day and/or forty (40) hours per week, and double time wages for work over twelve (12) hours in a day;

   2. Whether Defendants failed to pay all wages including overtime wages to Plaintiff and Class Members due to its failure to compensate the employees properly for all the time they have actually worked;

   3. Whether Defendants failed to pay Plaintiff and members of the Class all wages earned either at the time of discharge, or within seventy-two (72) hours of their voluntarily leaving Defendants' employ;

   4. Whether Defendants failed to provide meal periods in accordance with applicable Labor Codes and applicable Industrial Welfare Commission ("IWC") wage orders;

   5. Whether Defendants failed to authorize and permit rest breaks in accordance with the applicable Labor Codes and applicable Industrial Welfare Commission ("IWC") wage orders;

   6. Whether Defendants engaged in unfair competition in violation of California Business & Professions Code §§17200, et seq.;

   7. Whether Defendant's violated the Fair Labor Standards Act for failing to pay Plaintiff and Class Members overtime wages due; and

   8. The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violations of California law.

## **COLLECTIVE CLASS ALLEGATIONS**

 27. Plaintiff hereby incorporates each and every allegation contained above and re-alleges said allegations as if fully set forth herein.

 28. Plaintiff further bring this suit as a Collective Action under the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq., ("FLSA") on behalf of a **Collective**

**Class**, which is constituted of all persons who were, are, or will be employed by Defendant as:

> All hourly-paid, non-managerial employees of Flagship Facility Services, Inc., in the State of California from March 2014 to the present who both (a) have at least one Workweek for which they were paid for 40 or more hours, as reflected in Flagship Facility Services, Inc.'s payroll records, during the time period between July 2013 through the present, and (b) opt in to the proposed FLSA collective action.

29. Plaintiff alleges that during the Relevant Time Period, he is and was:
    a. An individual who resides in the County of Santa Clara and the State of California;
    b. Employed as a non-managerial cook for defendants in the State of California, within the three years preceding the filing of the complaint here;
    c. Worked more than 40 hours in a given week;
    d. Did not receive overtime compensation for all hours worked over 40 hours in any given week;
    e. Worked regular hours for which they received no pay whatsoever;
    f. Is a member of the Collective Class as defined in paragraph 28 in this Complaint; and
    g. Has consented to be joined in the action.

## FACTUAL ALLEGATIONS

30. At all times set forth herein, Defendants employed Plaintiff and other persons in the capacity of non-exempt positions, however titled, throughout the state of California.

31. Defendants employed Plaintiff as a Non-Exempt Cook working as a non-exempt hourly paid employee during the liability period until his separation in approximately July 2014.

32. Defendants continue to employ non-exempt employees, however titled, throughout the state of California.

33. Plaintiff is informed and believes, and thereon alleges, that Defendants are and were advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of California's wage and employment

laws.

34. During the relevant time frame, Defendants compensated Plaintiff and Class Members based upon an hourly rate.

35. On information and belief, during the relevant time frame, Plaintiff and Class Members frequently worked well over eight (8) hours in a day and forty (40) hours in a work week.

36. On information and belief, during the relevant time frame, Plaintiff and Class Members were deducted a full 30 minutes of time despite recorded meal periods being less than 30 minutes and/or working while clocked out for a meal period due to the demands placed upon them by Defendants.

37. During the relevant time frame, Plaintiff, and on information and belief the Class Members were systematically denied meal periods and not permitted or authorized rest breaks or not provided meal periods or rest periods within the legally required time frames. Nevertheless, Defendants never paid Plaintiff, and on information and belief, never paid Class Members an extra hour of pay as required by California law where all meal periods and rest breaks were not provided, or not provided within the legally required time frames.

38. Plaintiff is informed and believes, and thereon alleges, that Defendants know, should know, knew, and/or should have known that Plaintiff and the other Class Members were entitled to receive accurate wages including overtime compensation, and premium wages including but not limited to Labor Code §§201-203, 226.7, 510, 512, 558, 1194 and applicable IWC Wage Orders and California Code of Regulations, but were not paid all regular and overtime wages and not paid all meal and rest period premiums due.

39. During the relevant time frame, Plaintiff, and on information and belief the Class Members, were not paid all wages due and owing at the time of separation for meal and rest period premiums, wages and overtime wages, time spent under the control of Defendant working and upon separation from Defendants

employ.

40. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants knew that they had a duty to compensate Plaintiff and Class Members premium wages, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, recklessly, and/or intentionally failed to do so.

41. Plaintiff and Class Members they seek to represent are covered by, and Defendants are required to comply with, applicable California Labor Codes, IWC Wage Orders and corresponding applicable provisions of California Code of Regulations, Title 8, 11000 et seq.

## CLASS ACTION CLAIMS

## FIRST CAUSE OF ACTION FOR FAILURE TO PAY WAGES INCLUDING OVERTIME

### On Behalf of the Class Against All Defendants

42. Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

43. At all times relevant, the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants provided that employees working for more than eight (8) hours in a day or forty (40) hours in a work week are entitled to overtime compensation at the rate of one and one-half times the regular rate of pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a work week.  An employee who works more than twelve (12) hours in a day is entitled to overtime compensation at a rate of twice the regular rate of pay.

44. At all times relevant, the IWC wage orders applicable to Plaintiff and Class Members require employers to pay its employees for each hour worked at least minimum wage.  "Hours worked" means the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so, and in the case of

an employee who is required to reside on the employment premises, that time spent carrying out assigned duties shall be counted as hours worked.

45. Labor Code §510 codifies the right to overtime compensation at the rate of one and one-half times the regular rate of pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a work week and to overtime compensation at twice the regular rate of pay for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work in a particular work week.

46. At all times relevant, Plaintiff and Class Members consistently worked in excess of eight (8) hours in a day and/or forty (40) hours in a week.

47. At all times relevant, Defendants failed to pay regular wages and overtime wages to Plaintiff and Class Members by failing to pay for hours worked, but such time was automatically deducted as though a meal period had been taken.

48. Defendants' failure to pay Plaintiff and Class Members the unpaid balance of regular and overtime compensation violates the provisions of Labor Code §510 and §1194, and the applicable IWC wage orders and is therefore unlawful.

49. Accordingly, Defendants owe Plaintiff and Class Members regular and overtime wages.

**SECOND CAUSE OF ACTION FOR FAILURE TO PROVIDE MEAL PERIODS**

**On Behalf of the Class Against All Defendants**

50. Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

51. Pursuant to Labor Code §512, no employer shall employ an employee for a work period of more than five (5) hours without providing a meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties. An employer may not employ an employee for a work period of more than

ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

52. For the four (4) years preceding the filing of this lawsuit, Defendants failed to provide Plaintiff and Class Members, in their non-exempt positions, however titled, meal breaks of not less than thirty (30) minutes and not provided meal periods within the required time frames pursuant to the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants. Plaintiff and Class Members were consistently denied their required meal periods on a weekly basis as a result of the instructions given to Plaintiff and Class Members by Defendant's management.

53. As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in an amount according to proof at time of trial.

54. Pursuant to Labor Code §226.7, Plaintiff and Class Members are entitled to recover one (1) hour of premium pay for each day in which a meal period was not provided and not provided within the required time frames.

## THIRD CAUSE OF ACTION FOR FAILURE TO AUTHORIZE REST PERIODS

**On Behalf of the Class Against All Defendants**

55. Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

56. Pursuant to the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants, "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period…. [The] authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours worked or major fraction thereof…. Authorized rest period time shall be

counted as hours worked, for which there shall be no deduction from wages." Labor Code §226.7(a) prohibits an employer from requiring any employee to work during any rest period mandated by an applicable order of the IWC.

57.     Defendants were required to authorize and permit employees such as Plaintiff and Class Members to take rest periods, based upon the total hours worked at a rate of ten (10) minutes net rest per four (4) hours, or major fraction thereof, with no deduction from wages.  Despite said requirements of the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants, Defendants failed to permit and authorize Plaintiff and Class Members, in their roles as on-exempt employees, or equivalent positions with similar job duties, however titled, to take ten (10) minute rest periods for every four (4) hours worked, or major fraction thereof.

58.     For the four (4) years preceding the filing of this lawsuit, Defendants failed to provide Plaintiff and Class Members the required rest periods pursuant to the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants and Labor Code §226.7 as a result of the demands placed upon them by Defendant's management.  As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in an amount according to proof at time of trial.

59.     Pursuant to Labor Code §226.7, Plaintiff and Class Members are entitled to recover one (1) hour of premium pay for each day in which a rest period was not provided.

**FOURTH CAUSE OF ACTION FOR FAILURE TO TIMELY PAY WAGES DUE**

**On Behalf of the Class Against All Defendants**

60.     Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

61.     Labor Code §§201-202 requires an employer who discharges an

employee to pay compensation due and owing to said employee immediately upon discharge and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages on their last day of work.

62. Labor Code §203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by Labor Code §§201-202, the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

63. During the relevant time period, Defendants willfully failed and refused, and continue to willfully fail and refuse, to pay Plaintiff and Class Members their wages, earned and unpaid wages, either at the time of discharge, or within seventy-two (72) hours of their voluntarily leaving Defendants' employ. These wages include the wages that were automatically deducted as though meal periods had been taken, overtime wages, and meal and rest break premiums, but upon separation Defendants failed to pay wages due and owing within the time frame specified by Labor Code §§201-202.

64. Defendants' willful failure to pay Plaintiff and Class Members their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their voluntarily leaving Defendants' employ, violates Labor Code §§201-202.

65. As a result, Defendants are liable to Plaintiff and members of the Class for waiting time penalties pursuant to Labor Code §203, in an amount according to proof at the time of trial.

## FIFTH CAUSE OF ACTION FOR UNFAIR COMPETITION
### On Behalf of the Class Against All Defendants

66. Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

67. Defendants' conduct, as alleged in this complaint, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff and Class Members, Defendants' competitors, and the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of the California Code of Civil Procedure §1021.5.

68. Defendants' policies, activities, and actions as alleged herein, are violations of California law and constitute unlawful business acts and practices in violation of California Business and Professions Code §§17200, et seq.

69. A violation of California Business and Professions Code §§17200, et seq., may be predicated on the violation of any state or federal law. In the instant case, Defendants' policy and practice of failing to pay wages including overtime over the past four (4) years violates Labor Code §§ 201, 202, 203, 510, and 1194. Defendants' policy of failing to provide Plaintiff and the Class with meal periods and rest breaks or the one (1) hour of premium pay when a meal or rest break period was not provided or provided outside of the required time frames, violates Labor Code §512, and §226.7 and applicable IWC Wage Orders and California Code of Regulations.

70. Plaintiff and Class Members have been personally aggrieved by Defendants' unlawful and unfair business acts and practices alleged herein by the loss of money and/or property.

71. Pursuant to California Business and Professions Code §§17200, et seq., Plaintiff and Class Members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four (4) years prior to the filing of this complaint; an award of attorneys' fees, interest; and an award of costs.

**SIXTH CAUSE OF ACTION PURSUANT TO**
**THE F.L.S.A. FOR FAILURE TO PAY OVERTIME WAGES**
**On Behalf of the Collective Class and the General Public Against All**

**Defendants**

72. Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

73. Plaintiff and the collective class were suffered to work in excess of 40 hours per week without premium pay for the same violation of 29 U.S.C. §§ 206 *et. seq.*

74. Plaintiff has consented to be joined in this action.

75. Plaintiff therefore seeks damages in an amount equal to the unpaid overtime wages due and owing to the Collective Class, along with liquidated damages in an equal amount, costs and attorney's fees as provided for in 29 U.S.C. § 216.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

### Class Certification

1. That this action be certified as a class action;
2. That Plaintiff be appointed as the representative of the Class;
3. That Plaintiff be appointed as the representative of the Subclass; and
4. That counsel for Plaintiff is appointed as counsel for the Class and Subclass.

### On the First Cause of Action

1. For compensatory damages in an amount equal to the amount of unpaid wages including overtime and double time compensation owed to Plaintiff and Class Members;

3. For pre-judgment interest on any unpaid overtime compensation due from the day that such amounts were due;

3. For reasonable attorneys' fees and costs pursuant to Labor Code §1194; and

4. For such other and further relief as the Court deems proper.

On the Second Cause of Action

1. For one (1) hour of premium pay for each day in which a required meal period was not provided or not provided in a timely manner; and

2. For such other and further relief as the Court deems proper.

On the Third Cause of Action

1. For one (1) hour of premium pay for each day in which a required rest period was not authorized or permitted; and

2. For such other and further relief as the Court deems proper.

On the Fourth Cause of Action

1. For statutory penalties pursuant to Labor Code §203;

2. For interest for wages untimely paid; and

3. For such other and further relief as the Court deems proper.

On the Fifth Cause of Action

1. That Defendants, jointly and/or severally, pay restitution of sums to Plaintiff and Class Members for their past failure to pay all regular and wages and overtime wages due over the last four (4) years in an amount according to proof;

2. That Defendants, jointly and/or severally, pay restitution of sums to Plaintiff and Class Members for their past failure to pay wages, premium wages for meal and/or rest periods, that were not provided as described herein to Plaintiff and Class Members over the last four (4) years in an amount according to proof;

3. For pre-judgment interest on any unpaid wages due from the day that such amounts were due;

4. For reasonable attorneys' fees that Plaintiff and Class Members are entitled to recover;

5. For costs of suit incurred herein; and

6. For such other and further relief as the Court deems proper.

On the Sixth Cause of Action

1. For general damages as measured by unpaid overtime wages;

liquidated damages, an equal amount to the unpaid overtime wages under federal law, including, *inter alia*, 29 U.S.C. § 216 et. seq.; and interest and attorneys fees pursuant to, *inter alia,* 29 U.S.C. § 216 et. seq.; and

2. For such other and further relief as the Court deems proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff and members of the Class and Subclass request a jury trial in this matter.

Dated: March 9,  2017                                JAMES HAWKINS APLC

By:/s/ Gregory Mauro
JAMES R. HAWKINS, ESQ.
GREGORY MAURO, ESQ.
Attorneys for Plaintiff GREGORY A. BRADFORD, individually and on behalf of all others similarly situated.

- 19 -
**CLASS ACTION COMPLAINT**